# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

ALBERT D. COLASUONNO,

                Plaintiff,

-against-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

------------------------------------------------X

**OPINION & ORDER**

18 Civ. 00641 (PED)

## I. INTRODUCTION

Plaintiff Albert D. Colasuonno ("Plaintiff," or "Claimant,") brings this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security ("Defendant" or "Commissioner") finding he was not disabled under the Social Security Act. The matter is before me pursuant to a Notice, Consent and Reference of a Civil Action to a Magistrate Judge entered March 8, 2016. Dkt. 12. Presently before this Court is Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the ground that the complaint was untimely filed under the time limitation specified in Section 205(g) of the Act, 42 U.S.C. § 405(g). Dkt. 18.

For the reasons set forth below, Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) is **GRANTED**.

## II. BACKGROUND

On January 11, 2017, an administrative law judge ("ALJ") issued a decision denying Plaintiff's claim for benefits under Titles II and XVI of the Act, 42 U.S.C. §§ 423, 1382c, *et seq*. *See* Declaration of Cristina Prelle, Dkt. 16 ("Prelle Decl.") ¶ 3(a), Exhibit 1. Plaintiff sought leave to appeal the ALJ's decision. Prelle Decl. ¶ 3(b). On November 3, 2017, the Appeals Council issued a Notice of Appeals Council Action denying his request for review of the ALJ's decision ("Notice"). Prelle Decl., ¶3(b), Ex. 2. Thereafter, on January 24, 2018, Plaintiff initiated this civil action *pro se*. Dkt. 2. His counsel filed a notice of appearance on February 23, 2018. Dkt. 11.

Defendant filed its motion to dismiss on May 7, 2018. Dkts. 15-18. No response from Plaintiff or his counsel has been received.

## III. LEGAL STANDARDS

### A. Standard for Dismissal for failure to State a Claim

"'A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." *Rodriguez ex rel. J.J.T. v. Astrue*, No. 10 Civ. 9644, 2011 U.S. Dist. LEXIS 152619, at *4-9 (S.D.N.Y. July 25, 2011) (quoting *Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145 (S.D.N.Y. 2011)), *report and recommendation adopted by* 2012 U.S. Dist. LEXIS 11572 (S.D.N.Y. Jan. 31, 2012). "Indeed, a motion to dismiss on statute of limitations grounds . . . 'generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1).'" *Id.* (quoting *Nghiem v. U.S. Dep't of Veterans Affairs*, 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006)).

"To survive a motion to dismiss [filed pursuant to Rule 12(b)(6)], a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### B. Statute of Limitations for Social Security Claims

It is well-established that the doctrine of sovereign immunity prevents the federal government from being sued "without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). For purposes of Social Security claims, the United States has consented to be sued under the limited circumstances provided by 42 U.S.C. § 405(g). That statute provides, in relevant part, that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

§ 405(g). The Commissioner's Regulations further provide that:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). "The claimant thus has 65 days from the date of a final decision notice to file suit." *Velez v. Apfel*, 229 F.3d 1136, 1136 (2d Cir. 2000). "Because the 60-day limit is a

3

statute of limitations, 'it is a condition on the waiver of sovereign immunity and thus must be strictly construed.'" *Rodriguez*, 2011 U.S. Dist. LEXIS 152619, at *3 (quoting *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)).

## IV. DISCUSSION

### A. The Complaint is Untimely

On January 11, 2017, the ALJ issued a decision denying Plaintiff's claim for benefits under Titles II and XVI of the Act, 42 U.S.C. §§ 423, 1382c, *et seq. See* Prelle Decl. ¶ 3(a), Ex. 1. Plaintiff sought leave to appeal the ALJ's decision. Prelle Decl. ¶ 3(b). On November 3, 2017, the Appeals Council issued a Notice of Appeals Council Action denying his request for review of the ALJ's decision and mailed a copy to Plaintiff at 226 Union Valley Road, Mahopac, New York 10541. Prelle Decl. ¶ 3(b), Ex. 2 at 4. A copy of the Notice was also mailed to Plaintiff's attorney Herbert Forsmith at 26 Broadway, 17th Floor, New York, New York 10004. Prelle Decl. ¶ 3(b), Ex. 2. The Notice informed Plaintiff of his right to commence a civil action within sixty days from the date of receipt of the notice. Prelle Decl., Ex. 2 at 3. The Notice also warned, "We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id.*

Plaintiff's complaint alleged that Plaintiff received notice of this denial on November 17, 2016, Dkt. 2, but attached the Notice of Appeals Council Action letter dated November 3, 2017. Plaintiff has not responded to the motion to dismiss and thus has suggested no reason why the five day presumption should not apply here. The Notice was mailed on November 3, 2018, accordingly, the presumed date of receipt is November 8, 2017. Accordingly, the deadline to file, sixty days after November 8, 2017, was January 8, 2018 because January 7, 2018 fell on a Sunday.

4

Plaintiff did not file his *pro se* complaint until January 24, 2018 — sixteen days after the time for filing had expired. Dkt. 2 at 1. Even if the Court credited Plaintiff's allegation that he did not receive the Notice until November 17, 2017, the complaint would still be untimely by a matter of eight days as it would then have been due on January 16, 2018. The complaint is therefore untimely and courts within this Circuit routinely dismiss Social Security cases under similar circumstances. *See, e.g., Nunez v. Comm'r of Soc. Sec.*, 17 Civ. 04624, 2018 U.S. Dist. LEXIS 3304, at *6 (S.D.N.Y. Jan. 3, 2018) (citing *Ware v. Astrue*, No. 12 Civ. 3381, 2013 U.S. Dist. LEXIS 16256, at *2-4 (S.D.N.Y. Feb. 6, 2013) (pro se plaintiff's nine day late filing dismissed as untimely)); *Cruz ex rel. C.M.R. v. Astrue*, No. 11 Civ. 199, 2012 U.S. Dist. LEXIS 12087, at *4-9 (E.D.N.Y. Feb. 1, 2012) (pro se plaintiff's three month late filing dismissed as untimely).

### B. Equitable Tolling is Not Warranted

The doctrine of equitable tolling applies to Social Security cases. *Bowen*, 476 U.S. at 480; *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). A litigant will be entitled to such a toll where he "can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way." *Torres*, 417 F.3d at 279 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As indicated above, Plaintiff has not responded to Defendant's motion to dismiss or demonstrated in any way that he has been pursuing his rights diligently, or that some extraordinary circumstance prevented timely filing.

## V.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to close this case.

Dated: August 6, 2018
       White Plains, New York

SO ORDERED

_____
Paul E. Davison, U.S.M.J.